**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **PATENT HARBOR, LLC** | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § | |
| | § | |
| **LIONS GATE FILMS INC.** | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

This is an action for patent infringement in which Patent Harbor, LLC ("Patent Harbor"), makes the following allegations against Lions Gate Films Inc. (hereafter "Lions Gate" or "Defendant").

## PARTIES

1. Patent Harbor is a corporation organized under the laws of the State of Texas. Patent Harbor maintains its principal place of business at 4455 Camp Bowie Blvd., Suite 114, PMB 72, Ft. Worth, TX 76107.

2. Upon information and belief, Defendant Lions Gate is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 2700 Colorado Avenue, Suite 200, Santa Monica, California 90404.  Upon information and belief, Lions Gate authors, manufactures, and/or distributes DVD and Blu-Ray discs to consumers in the United States and, more particularly, in the Eastern District of Texas.  Lions Gate may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

**JURISDICTION AND VENUE**

3. This is an action for violation of the patent laws of the United States, Title 35, United States Code, more particularly, 35 U.S.C. §§ 271 *et seq*.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Lions Gate. Defendant has conducted and does conduct business within the State of Texas. Defendant, directly or through intermediaries (including distributors, retailers, and others), authors, distributes, offers for sale, sells, ships, and/or advertises (including the provision of an interactive web page) its products in the United States, the State of Texas, and the Eastern District of Texas. Upon information and belief, Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. Upon information and belief, these infringing products have been and continue to be purchased by consumers in the Eastern District of Texas. Defendant has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

6. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b).

**COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 5,684,514**

7. Patent Harbor refers to and incorporates all preceding paragraphs as though fully set forth herein.

8. United States Patent No. 5,684,514 ("the '514 Patent"), entitled "Apparatus and Method for Assembling Content Addressable Video" was duly and legally issued by the United States Patent and Trademark Office on November 4, 1997, after full and fair examination. Patent Harbor is the assignee of all rights, title, and interest in and to the '514 Patent and possesses all

rights of recovery under the '514 Patent, including the right to recover damages for past infringements. A true and correct copy of the '514 Patent is attached as Exhibit A.

9. Upon information and belief, and upon representations to Patent Harbor by Miramax Film NY, LLC, sued as Miramax Films ("Miramax"), a named defendant in the currently pending lawsuit before this Court styled *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc. et al., civil action no. 6:11-cv-00229*, Lions Gate manufactures, uses, sells, offers to sell, authors, and/or distributes DVD and Blu-Ray discs containing movies, television shows or other forms of video entertainment produced by at least Miramax. In particular, Miramax has represented that, "To the extent that Miramax DVDs and Blu-Ray discs have been distributed in the United States pursuant to Miramax's authority since December 3, 2010, such DVDs and Blu-Ray discs have been distributed pursuant to contracts with…LionsGate Films Inc..." Upon information and belief, Lions Gate's authoring or manufacture of the DVD and Blu-Ray discs, including, but not limited to, exemplary movie *A Day in the Life*, with their content-addressing features (e.g. illustrated chapter/scene selection) along with the authoring equipment, and/or sale of the authored discs, on behalf of others and/or itself, infringe one or more claims of the '514 Patent. Upon information and belief, Lions Gate either performs the authoring, manufacturing, and/or distribution or directs and controls the authoring, manufacturing, and/or distribution through contract.

10. Lions Gate has actual notice of the '514 Patent at least as early as the filing of this Original Complaint.

11. Upon information and belief, Lions Gate is infringing one or more claims, including at least claim 6 of the '514 Patent under 35 U.S.C. § 271 by performing, without authority, one or more of the following acts: (i) making, using, selling, offering to sell, authoring, and/or distributing within the United States the DVD and Blu-ray discs which infringe one or

more claims of the '514 Patent; (ii) importing into the United States the DVD and Blu-ray discs which infringe one or more claims of the '514 Patent; and/or (iii) indirectly infringing one or more claims of the '514 Patent by means of jointly infringing, inducing infringement and/or contributing to infringement through directly contracting with and/or directing contractors to perform infringing acts of their behalf.

12. Patent Harbor has been damaged as a result of Lions Gate's infringing conduct. Thus, Lions Gate is liable to Patent Harbor in an amount that adequately compensates Patent Harbor for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 § U.S.C. 284.

13. Lions Gate will continue to infringe the claims of the '514 Patent unless a post judgment royalty is awarded.

14. Patent Harbor is in compliance with the requirements of 35 U.S.C. § 287, to the extent applicable.

15. As a result of Lions Gate's acts of infringement, Patent Harbor has suffered and will continue to suffer damages in an amount to be proved at trial.

## **PRAYER FOR RELIEF**

Patent Harbor prays for the following relief:

A. A judgment that Lions Gate has infringed the '514 Patent as alleged herein, directly and/or indirectly by way of contributory infringement and/or inducing infringement of the '514 Patent, as alleged herein;

B. A judgment and order requiring Lions Gate to pay Patent Harbor compensatory damages in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

C. A judgment and order requiring Lions Gate to pay Patent Harbor pre-judgment and post-judgment interest on the damages awarded;

  D. A judgment and order that Lions Gate pay Patent Harbor an on-going post-judgment royalty for future acts of infringement, at a rate to be determined by the jury or the Court; and

  E. Any and all other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Patent Harbor, LLC hereby demands that all issues be determined by a jury.

October 13, 2011    Respectfully submitted,

        */s/ Keith A. Rutherford*
        Keith A. Rutherford
        Texas State Bar No. 17452000
        **Lead Attorney**
        John C. Cain
        Texas State Bar No. 00783778
        Scott Reese
        Texas State Bar No. 24046696
        WONG, CABELLO, LUTSCH,
         RUTHERFORD & BRUCCULERI, L.L.P.
        20333 SH 249, Suite 600
        Houston, Texas 77070
        Telephone: (832) 446-2400
        Facsimile:  (832) 446-2424
        E-Mail: krutherford@counselip.com
        E-Mail: jcain@counselip.com
        E-Mail: sreese@counselip.com

        T. John Ward, Jr.
        Texas State Bar No. 00794818
        WARD & SMITH LAW FIRM
        111 W. Tyler St.
        Longview, Texas 75601
        Telephone:  (903) 757-6400
        Facsimile:   (903) 757-2323
        E-Mail:  jw@jwfirm.com

        Eric M. Albritton
        Texas State Bar No. 00790215
        Steve Edwards
        Texas State Bar No. 00784008
        ALBRITTON LAW FIRM
        111 W. Tyler St.

Longview, Texas 75601
Telephone:  (903) 757-8449
Facsimile:   (903) 7587397
E-Mail:  ema@emafirm.com
E-Mail:  see@emafirm.com

**COUNSEL FOR PLAINTIFF
PATENT HARBOR, LLC**